Danziger v Elias (2021 NY Slip Op 04008)





Danziger v Elias


2021 NY Slip Op 04008


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-00917
 (Index No. 35171/15)

[*1]Samuel Danziger, etc., appellant,
v Leah Breindel Elias, et al., respondents.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains, NY (Richard G. Corde of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated January 11, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff, in his capacity as limited administrator of the last goods, chattels, and credits of his deceased infant daughter (hereinafter the infant), commenced this action, inter alia, to recover damages for the wrongful death of the then 17-month-old infant, who allegedly came into contact with the passenger side of a vehicle operated by the defendant Leah Breindel Elias (hereinafter the driver) and owned by the defendant Miriam D. Elias. Shortly before the accident, the driver had dropped off a passenger in a residential cul-de-sac, with several young children playing nearby. After pulling into a driveway and reversing out in the opposite direction, the driver began moving her vehicle forward again when she heard a loud "thump"—which was also heard by at least four other witnesses in the vicinity. Believing that her vehicle had come into contact with a parked car to her right, the driver began reversing her vehicle when a man outside urgently directed her to stop. Upon exiting the vehicle, the driver observed the infant lying on the ground "right behind" her vehicle, on the passenger side. The infant was taken to a hospital, where she died of her injuries the following day. The driver did not see the infant prior to the accident, and the record does not indicate that anyone actually observed the contact between the infant and the defendants' vehicle.
After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
Under the circumstances presented, the evidence submitted by the defendants was insufficient to meet their prima facie burden of proof, since it failed to eliminate all triable issues of fact regarding the driver's alleged negligence, including her ability to see the infant prior to the accident (compare Rawls v Simon, 157 AD3d 418, with DeJesus v Alba, 63 AD3d 460, affd 14 [*2]NY3d 860). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court